# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00118 |
| | ) | Judge Sharp |
| MICHAEL ANTHONY EVANS | ) | |

**MEMORANDUM**

On July 21, 2012, a federal grand jury returned a two-count Indictment against Defendant Michael Anthony Evans. After several continuances of the trial date at Defendant's request, he filed a Motion to Dismiss Indictment, or, in the Alterative to Elect (Docket No. 43) on September 13, 2013, to which the Government has responded in opposition (Docket No. 46), and Defendant has replied (Docket No. 47). For the reasons that follow, Defendant's Motion will be denied.

**I.**

Count I of the Indictment in this case reads as follows:

On or about July 16, 2010, in the Middle District of Tennessee, MICHAEL ANTHONY EVANS, then being an unlawful user of or addicted to any controlled substance, as defined in Title 21, United States Code, Section 802, did knowingly possess, in and affecting commerce, a firearm, to wit: a Hi-Point, Model 995, 9mm caliber rifle.

In violation of Title 18, United States Code, Sections 922(g)(3), 924.

(Docket No. 1 at 1, emphasis added). Based on the underscored language, Defendant moves to dismiss Count I as duplicitous. In the alternative, he requests that the Government elect to proceed against him under the theory that he was an unlawful user in possession of a firearm, or an addict in possession of the same.

1

**II.**

"An indictment is duplicitous if it sets forth separate and distinct crimes in one count." United States v. Davis, 306 F.3d 398, 415 (6th Cir. 2002). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.'" United States v. Anderson, 605 F.3d 404, 414 (6th Cir. 2010) (citing, United States v. Washington, 127 F.3d 510, 513 (6th Cir. 1997)).

In support of their respective position regarding duplicity, the parties rely upon numerous cases, none of which are particularly apposite. For example, Defendant relies upon United States v. Bennett, 329 F.3d 769 (10th Cir. 2003) and United States v. Burchard, 580 F.3d 341, 346 (6th Cir. 2009) for the proposition that "[p]ossession of a firearm by an individual user of a controlled substance and possession of a firearm by an addict under 18 U.S.C. § 922(g)(3) are distinct offenses." (Docket No. 43 at 2). However, in response to the Government's assertion that those cases indicate it need only prove that a defendant was an unlawful user *or* addict, under 18 U.S.C. § 922(g)(3), Defendant acknowledges that Burchard only "deal[t] with the question of how 'drug' user should be defined in jury instructions," and the "issue in Bennett was not the sufficiency of the indictment or election of prosecution by the government, but whether or not a sentencing guidelines enhancement under U.S.S.G. § 2K2.1 should be applied." (Docket No. 47 at 1 & 2).

For its part, the Government (in addition to Burchard and Bennett) relies on cases like United States v. Stewart, 69 Fed. Appx. 213 (6th Cir. 2003), United States v. Trent, 2012 WL 5354216 (E.D. Tenn. Sept. 25, 2012), United States v. Fox, 2009 WL 935717 (E.D. Tenn. April 3, 2009), and United States v. Stone, 323 F. Supp. 2d 886 (E.D. Tenn. July 8, 2004), for the proposition that, in

the Sixth Circuit, it is appropriate to charge a defendant in the same count with being a unlawful user or addict in possession of a firearm. But, the defendant in Stewart did not challenge his conviction under 18 U.S.C. § 922(g)(3), and the statute was not otherwise discussed; Trent merely addressed the sufficiency of a search warrant and its execution in a case where defendant was charged with, among other things, being an addict or unlawful user in possession of a firearm – 922(g)(3) was not even cited, let alone discussed; the focus in Fox was on the sufficiency of an affidavit and the voluntariness of a confession, and, again, § 922(g)(3) was not discussed; and Stone involved no claim that defendant was an addict or user in possession of a firearm, as it was a criminal tax prosecution in which defendants were charged with attempted tax evasion and conspiracy to defraud the United States and attempted tax evasion.

### III.

"It is not duplicitous to allege in one count that multiple means have been used to commit a single offense." United States v. Damrah, 412 F.3d 618, 622 (6th Cir. 2005). "'In determining whether there is duplicity or multiplicity [in an indictment] the decisive criteria are legislative intent and separate proof.'" Id. (quoting, United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)).

"[T]he plain language of § 922(g) prohibits any person falling into one of nine categories from "possess[ing] in or affecting commerce, any firearm or ammunition." United States v. Villegas, 494 F.3d 513, 514 (5th Cir. 2007) (quoting, 18 U.S.C. § 18 U.S.C. § 922(g)(1)); see, United States v. Davis, 242 F.3d 1162, 1153 (9th Cir. 2001) ("Section 922(g) prohibits nine categories of persons from, *inter alia*, possessing a firearm "in or affecting commerce"). "[T]he fact that Congress juxtaposed an extensive list of specific categories of persons prohibited from such

3

possession – felons, fugitives, illegal drug users and addicts, the mentally ill, illegal aliens, persons discharged dishonorably from the military, citizens who have renounced their citizenship, persons subject to certain restraining orders, and persons convicted of domestic violence – with the general term 'any firearm' indicates that the focus of § 922(g) is on the types of persons prohibited from possession." Id. In other words, "Congress enacted the exclusions in § 922(g) to keep guns out of the hands of presumptively risky people." United States v. Yancey, 621 F.3d 681, 683 (7th Cir. 2010).

On such prohibited category or type of person is a drug user or addict. Specifically, the statute states:

> (g) It shall be unlawful for any person–
>
>        \*       \*       \*
>
> (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
>
>        \*       \*       \*
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(3).

Contrary to Defendant's assertion, it does not appear that charging an individual in one count with being a user or an addict amounts to charging two separate offenses because "the elements of a 18 U.S.C. § 922(g)(3) violation are: (1) that the defendant is an unlawful user or addicted to any controlled substance; (2) who thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." United States v. Cheeseman, 600 F.3d 270, 281 (3rd Cir. 2010);

see, United States v. Parett, 260 Fed. Appx. 750, 752 (10th Cir. 2008) ("To convict [defendant] under 18 U.S.C. § 922(g)(3), the Government was required to prove, inter alia, [defendant] took drugs with regularity, over an extended period of time, and contemporaneously with his possession of a firearm"). Rather, whether one is an addict or a user appears to be a matter of degree.

Section 922(g)(3) references Section 102 of the Controlled Substances Act which, in turn, states that "[t]he term 'addict' means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction." 21 U.S.C. § 802(1). The term "unlawful user" is not defined in the statute (or by reference to another statute), but the majority of the circuits that have addressed the issued have stated that there must be some regularity of drug use in addition to contemporaneousness to meet the statute's requirements. See, United States v. Caparotto, 676 F.3d 213, 216 (1st Cir. 2012). In fact, noting the absence of authority in the Sixth Circuit, the court in Burchard "offer[ed] an instruction for future use that embodies the necessary concepts," and which reads:

> The term "unlawful user of a controlled substance" contemplates the regular and repeated use of a controlled substance in a manner other than as prescribed by a licensed physician. The one time or infrequent use of a controlled substance is not sufficient to establish the defendant as an "unlawful user." Rather, the defendant must have been engaged in use that was sufficiently consistent and prolonged as to constitute a pattern of regular and repeated use of a controlled substance. The government need not show that defendant used a controlled substance at the precise time he possessed a firearm. It must, however, establish that he was engaged in a pattern of regular and repeated use of a controlled substance during a period that reasonably covers the time a firearm was possessed.

Burchard, 580 F.3d at 352 (footnote collecting out-of-circuit authority supporting the language in the instruction omitted).

As noted, section "922(g) was enacted to keep firearms 'out of the hands of those not legally

entitled to possess them,'" United States v. Cheeseman, 600 F.3d 270, 279 (3rd Cir. 2010), and "lists certain categories of individuals who are prohibited from, [possessing] firearms," United States v. Jones, 253 Fed. Appx. 550, 553 (6th Cir. 2007), among them unlawful users of, or persons addicted to, controlled substances. In the Court's opinion, there is nothing duplicitous about charging a defendant in the precise language of the statute as the prohibition is directed at a class of unlawful drug users who may or may not also be addicts. This understanding is in keeping with the general principle that "[t]he mere existence . . . of multiple theories of liability or multiple factual predicates for violation of a statute does not render the indictment duplicitous," as an indictment "'which subjects several alternative acts to the same punishment may charge any or all acts conjunctively without duplicity,'" even though "'the government need only prove violation of one of the alleged acts to prove violation of the statute.'" United States v. Washington, 127 F.3d 510, 513 (6th Cir. 1997) (citation omitted).

**IV.**

On the basis of the foregoing, Defendant's Motion to Dismiss Indictment, or, in the Alterative to Elect (Docket No. 43) will be denied.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE